A. C. HOOPER and A. D. HAY, Plaintiffs in Error, *v.* J. CONDIT SMITH, Defendant in Error.

ERROR TO WASHINGTON.

Where the appellee, on appeal from a judgment of a justice of the peace, has not been served with process, and the appeal has not been taken ten days before the sitting of the court, the case cannot be forced to trial.

A party in court cannot, as a general rule, force his adversary to act, until he is himself in a position to be forced to proceed.

The appellee should be served with summons, before he can be considered to be in court to receive its judgment.

THIS cause was tried before BREESE, Justice, at October term, 1856, of the Washington Circuit Court. The statement of the case will be found in the opinion of the court.

P. E. HOSMER, for Plaintiffs in Error.

C. G. SIMONS, for Defendant in Error.

Campbell *v.* Giblin.

BREESE, J. This suit was commenced by Smith against Hooper and Hay, before a justice of the peace of Washington county, on a note, and judgment rendered thereon against the defendants for the amount of the note and interest.

Hooper, eight days before the sitting of the Circuit Court of that county, took an appeal.

The appellee was not served with process, but on the second day of the term entered his appearance by attorney.

On the next day thereafter, when the cause was reached in its order for trial, the appellant was called and made default, whereupon the appeal was dismissed, a *procedendo* awarded, and judgment rendered against both defendants Hooper and Hay, for damages and costs.

A writ of error is sued out from this court, and the errors assigned question the correctness of these proceedings.

We are satisfied the proceedings are irregular, and the judgment must be reversed for the reasons, *First,* That the appellee in the court below, not having been served with process, and the appeal not having been taken ten days before the sitting of the court, was not in a position to force the appellant to trial.

As a general rule of practice, a party in court cannot force his adversary to act, until he himself is in a condition to be forced to proceed.

*Second,* The defendant Hay did not appeal, nor was he summoned, as he should have been. Sec. 64, ch. 59, R. S.

The suit could neither be tried nor dismissed at the first term, without a summons against him. He was not in court, to receive its judgment.

The judgment is reversed and cause remanded.

*Judgment reversed.*