## JOHN STEWART *et al.*

### *v.*

## GEORGE PETERS.

1. PROCESS—*when necessary — on appeals from justices.* When an appeal is taken from the judgment of a justice of the peace to the Circuit Court by one of several defendants, all of whom were served with process in the Justice's Court, the clerk of the Circuit Court should issue a summons for the other defendants who did not join in the appeal; and in case it is not served, the cause shall stand continued at the first term, but shall be tried at the second term. So it is held to be error to try such an appeal at the first term, when no summons was issued for those defendants who did not join therein, and when they did not enter their appearance.

2. A JUDGMENT MUST BE AGAINST ALL OR NONE, *of several defendants.* Where several are sued before a justice of the peace upon a joint liability, and all are served with process, and an appeal is taken by one of them to the Circuit Court, judgment must be rendered against all of the defendants, upon the appeal, or none.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts of this case are sufficiently stated in the opinion of the court.

Mr. WM. H. UNDERWOOD, for the appellant.

Mr. J. B. UNDERWOOD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace by appellee on a note which purported to have been executed by George C. Stout & Co. The summons was against Stout, Stewart and Shortridge, all of whom were served with process. But on the trial a judgment was only recovered against the two last named defendants, who interposed the defense that they had not executed the note; but no judgment was rendered against Stout, although he made no defense to the action. Stewart appealed to the Circuit Court where, on a trial

Stewart et al. *v.* Peters.

of the cause, the judgment of the justice of the peace was affirmed. But no steps seem to have been taken to procure service on Stout or Shortridge, nor does it appear that they entered their appearance on the appeal. It is assigned for error that they were not made parties to the appeal, and that judgment should not have been rendered until they were in court by service or otherwise.

The sixty-fourth section of the act relative to justices of the peace provides, that when an appeal is taken, by one of several parties, from a judgment of a justice of the peace, the clerk of the Circuit Court shall issue a summons against the other parties, notifying them of the appeal, and requiring them to appear and abide by and perform the judgment of the court in the premises; which is required to be served as other process issued in appeal cases; and in case it is not served the cause shall stand continued at the first term, but shall be tried at the second term. This section confers the power to render the same judgment as though all parties to the judgment had joined in the appeal. The appeal in this case falls within, and must be governed by, the provisions of this section. Only one of the defendants appealed, and the clerk should have issued a summons for the others. Until they were in court by actual or constructive notice, the case did not stand for trial. If service could not have been obtained on Stewart and Shortridge, or a return of not found, and a continuance of the cause until the next term, it was error to try the case.

This was a joint liability, and the defendants had all been served in the justice's court, and the judgment should have been against all or none. To render a judgment against all it was necessary that all of the defendants should have been in court, by service or appearance, as they had all been served in the justice's court. The judgment of the court below is reversed and the cause is remanded.

*Judgment reversed.*