FRANK STEINBORN

v.

HARRIET C. THOMAS.

1. DISMISSAL OF APPEAL—JURISDICTION.—On an appeal from a justice of the peace, an appellee has no right to have the appeal dismissed for want of prosecution until the cause is in such a situation as entitles him to demand a trial. The court must have jurisdiction of the parties, and the subject-matter.

2. BRINGING IN CO-DEFENDANTS—FILING TRANSCRIPT.—Where one of several defendants appeals, the other defendants must be brought in by service, as provided by statute, or by voluntary appearance, before the court can have jurisdiction of the parties, and a transcript of the proceedings before the justice must have been filed ten days before the commencement of the term at which the appeal is dismissed, or the court will have no jurisdiction of the subject-matter.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 4, 1881.

Mr. H. D. P. HOISER, for appellant; in favor of the motion to set aside the order of dismissal, cited McMullen v. Graham, 6 Bradwell, 239: Rev. Stat. 618, § 70.

Mr. CHESTER KINNEY, for appellee.

WILSON, J. This was a suit commenced by appellee, Harriet C. Thomas, before a justice of the peace, where she recovered a judgment against appellant Steinborn, Bernard Roesing, and John Linsenbarth. Appellant Steinborn alone appealed to the circuit court. The appeal was dismissed for want of prosecution, January 20th, 1881, on motion of appellee, and a judgment for six dollars damages and costs was rendered

against appellant. On the second day thereafter, and during the same term, appellant moved the court to set aside the judgment and order of dismissal, which motion was overruled by the court.

No appeal summons was issued by the clerk against Steinborn's co-defendants, Roesing & Linsenbarth, nor did they appear in the circuit court. The January term of the court commenced January 17th, and the transcript from the justice of the peace was filed January 8th, only nine days prior to the commencement of the term.

The bill of exceptions shows that the motion to set aside the judgment and order dismissing the appeal was based upon two grounds: first, that before the court could proceed with the trial of the cause or dismiss the appeal for want of prosecution it was necessary that the two defendants who had not joined in taking the appeal, should have either entered their appearance or have been brought into court as directed by the statute; second, that the transcript of the justice of the peace was not filed in the circuit court ten days before the commencement of the January term at which the appeal was dismissed.

Both grounds were well taken. Under the provisions of section 68 of the statute in relation to justices and constables, the appeal must be perfected by filing the papers and transcript of the judgment ten days before the commencement of the term of the court to which the appeal is taken in order to have the cause stand for trial at such term. Unless the appeal is thus perfected, the cause must stand over to the next term. McMullen v. Graham, 6 Brad. 239; Hayward v. Ramsey, 74 Ill. 372.

In the present case, the transcript and papers were filed in the circuit court less than ten days before the commencement of the term, and the court had no right either to try the suit, or to dismiss the appeal at that term, but should have continued it to the next term. On an appeal from a justice of the peace, the appellee has no right to have the appeal dismissed for want of prosecution until the cause is in such a situation as entitles him to demand a trial. Before either party can force the other

to a trial the court must have jurisdiction, both of the parties and of the subject-matter of the suit.    6 Brad. 240.

As to the other ground, section 70 of the statute provides, that when an appeal shall be taken, by one of several parties, from the judgment of a justice of the peace, the clerk shall issue a summons against the other parties, notifying them of the appeal, and requiring them to appear and abide by and perform the judgment of the court in the premises, which summons is required to be served as other process issued in appeal cases; and in case the summons shall be returned not served, the cause shall, at the first term of the court, be continued, but at the second term may be tried.

The appeal in this case falls within and must be governed by the provisions of this section.    Only one of the defendants appealed, and the clerk should have issued a summons against the others.    Until they were in court by actual or constructive notice, the cause did not stand for trial.    Stewart v. Peters, 33 Ill. 384.

This was a joint liability, and the judgment should have been against all or none.    To render a judgment against all, all should have been in court, either by appearance or by service, actual or constructive.

The judgment of the court below is reversed and the cause remanded, with instructions to that court to vacate the judgment, and set aside the order dismissing the appeal.

Reversed and remanded.