## J. B. FERGUS ET AL.
### v.
## E. C. LOHMAN.

*Practice—Appeal by Part of Defendants from Justice's Judgment— Sec. 70, Chap. 79, R. S.*

1. An appeal by part of the defendants from a justice's judgment, when the appeal is perfected by filing a bond with the clerk of the Circuit Court, does not stand for trial until the other defendants have been brought in, or have entered their appearance.

2. It is improper, in such a case, to dismiss the appeal for want of prosecution, until all the defendants have thus become subject to the jurisdiction of the court.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. JOHN D. ADAIR, for appellants.

No counsel appeared for appellee.

GARNETT, P. J.    Appellee sued J. B., George H., Scott, Robert and Robert C. Fergus before a justice of the peace, judgment being rendered against a.l the defendants.    All except Robert C. appealed to the Circuit Court, filing their bond with the clerk of that court January 21, 1886.    Lohman's appearance was entered in the Circuit Court May 12, 1886, and at the same time the justice's transcript was filed.    No summons was issued to bring in Robert C. Fergus, nor was his appearance ever entered in the Circuit Court.    On September 20, 1887, the cause was reached on the call of the calendar, and none of the defendants being in court in person or by attorney, the appeal was dismissed for want of prosecution, and judgments for costs rendered against the appealing defendants.    It is now the settled rule that an appeal by part of the defendants from a justice's judgment to the Circuit Court, when the appeal is perfected by filing bond with the clerk, does not stand for trial until the defendants not appealing have entered their appearance, or been brought into court in the manner described in Sec. 70, Chap. 79, R. S.    Steinborn v. Thomas, 8 Ill. App. 515; Hooper et al. v. Smith, 19 Ill. 53; Stewart et al. v. Peters, 33 Ill. 384.

Until Robert C. Fergus was before the court, the plaintiff could not have been forced to trial, and it is a general rule of practice that a party can not force his adversary to act until he himself is in a condition to be forced to proceed.    Hooper v. Smith, *supra;* Lehman v. Freeman, 86 Ill. 208.

Had the four appealing defendants appeared and proceeded to trial in the Circuit Court, without objection, a different question might have been presented.    Callaghan v. Meyers, 89 Ill. 566.

The order dismissing the appeal and ordering costs against appellants is erroneous.

*Reversed and remanded.*