Lillian F. Carelin, Appellant, v. John E. Traeger, Appellee.

Gen. No. 34,949.

Opinion filed March 23, 1931.

GROSSBERG, LYON & BRILL, for appellant.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of a judgment which dismissed her replevin suit for failure to file a declaration within the time provided by statute. Defendant does not appear in this court.

1

Plaintiff filed her affidavit for replevin August 7, 1930. The replevin writ was directed to the coroner of Cook county, the property being then held by the defendant, John E. Traeger, sheriff of Cook county. The record does not show any service of process upon the defendant or any return by the coroner of this writ. Indorsed on the back of the writ is a receipt of the goods from the sheriff signed by plaintiff by her attorneys. Defendant entered his appearance on September 5, 1930, and subsequently filed pleas. There was no rule upon the plaintiff to file her declaration. November 8, 1930, on motion of defendant's attorney leave was given to withdraw the pleas and on like motion plaintiff's suit was dismissed for failure to file a declaration within the statutory time.

Plaintiff in this court makes the point that the order must be reversed for the reason that, there being no service on defendant and no return of the writ and no rule having been obtained on plaintiff to file a declaration, defendant was not entitled to have the suit dismissed for failure to file a declaration. We are of the opinion that this point must be sustained under the authority of *Waidner v. Pauly,* 141 Ill. 442, where the court said:

"Section 17 of the Practice Act provides, that 'if no declaration shall be filed ten days before the second term of court, the defendant shall be entitled to a judgment as in case of a non-suit.' We decided in *Herring v. Quimby et al.,* 31 Ill. 153, that the term of court contemplated by the statute is that at which the defendant is served. Before the defendant is brought into court he cannot be required to plead to the action, and no useful purpose could be served by apprising the defendant of the plaintiff's ground of action when he could not be required to plead. The rights of the parties should be reciprocal. As a general rule of practice, a party in court cannot force his adversary to act until he is himself in a condition to

be forced to proceed. *Hooper et al. v. Smith,* 19 Ill. 53; *Smith v. Wilson,* 26 id. 188; *Lehman v. Freeman,* 86 id. 208. . . .

"If the defendant in this case had desired a speedy trial, he undoubtedly might have entered his appearance and taken rule upon the plaintiff to file his declaration. He would then have been subject to the orders of the court. As long as the defendant is not disturbed by the service of process, and placed in a position where he may be proceeded against, he can have no just cause of complaint of the failure of the plaintiff to prepare for trial. We think that the correct construction of the statute was given in *Herring v. Quimby, supra.*"

If defendant desired a speedy trial he could have filed his appearance and then asked for a rule upon the plaintiff to file a declaration. This was not done.

Section 17 of the Replevin Act, Cahill's St. ch. 119, ¶ 17, provides that declarations in replevin may be filed in like manner as other declarations. Section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, provides for the filing of declarations within 10 days before the term at which the summons is made returnable, and if it is not filed 10 days before the second term of the court the defendant shall be entitled to a judgment, provided that in replevin suits plaintiff may be required to file his declaration at the first term. This indicates that the proper practice, where the defendant who has not been served with summons desires a speedy trial, is for him to obtain a rule on the plaintiff to file a declaration.

We hold that the judgment dismissing the case for want of a declaration was improperly entered, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.