Reversed and remanded.

THE CHICAGO DREDGING AND DOCK COMPANY

v.

JOHN McCARTY.

APPEALS—DISMISSAL ON CALL.—The circuit court has no jurisdiction to dismiss, in cases of appeal from a justice of the peace, where there has been no service of summons upon the appellee, nor return of two *nihils*, nor his voluntary appearance.

Chicago Dredging & Dock Co. v. McCarty.

ERROR to the Circuit Court of Cook county; the Hon. THOMAS MORAN, Judge, presiding. Opinion filed October 26, 1882.

Mr. C. B. SAMSON, for appellant; cited Pratt v. Bryant, 2 Bradwell, 314; McMullen v. Graham, 6 Bradwell, 239; Reed v. Driscoll, 84 Ill. 96; Camp v. Hogan, 73 Ill. 228; Sheridan v. Beardsley, 89 Ill. 477; Schmidt v. Skelly, 10 Bradwell, 564.

WILSON, P. J. The plaintiff in error recovered a judgment against the defendant in error, before a justice of the peace of Cook county, from which judgment the defendant in error appealed to the circuit court. The appeal was taken by filing an appeal bond August 9, 1878, in the office of the clerk of the circuit court. May 19, 1882, the suit was dismissed for want of prosecution, on motion of defendant in error, at the costs of plaintiff in error, neither the plaintiff in error nor any one for it being present, and judgment for the costs of suit. No appeal summons was ever served on plaintiff in error, nor was there a return of two *nihils*, nor was there any appearance, in writing or otherwise, by the plaintiff in error, appellee in the circuit court.

The record also shows that the papers and transcript of the proceedings had before the justice, were never filed in the circuit court.

There having been no service of summons upon the appellee, nor return of two *nihils*, and he not having voluntarily appeared in the circuit court, the court had no jurisdiction over his person, and no authority to make any order in the case, other than to continue it, and it was error to dismiss the suit on appellee's motion, or to render judgment against the plaintiff for costs. The case is directly within Camp v. Hogan, 73 Ill. 228; see, also, McMullen v. Graham, 6 Bradwell, 564; Schmidt v. Skelly, 10 Bradwell, 96.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.