## I. NEWTON CAMP

*v.*

## JOSEPH HOGAN.

APPEAL—*when perfected by filing bond with clerk, no action can be taken until appellee is in court.* Where an appeal is taken from the judgment of a justice of the peace, and perfected by filing an appeal bond with the circuit clerk, it is error to dismiss the appeal, or do anything else in the case, without the consent of the appellant, until the appellee is in court in one of the ways provided by statute, namely: by service of summons, by return of two *nihils*, or by the entry of his appearance, in writing, filed with the papers in the case, ten days before the commencement of the term of court at which the motion to dismiss is entered.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. UPTON, BOUTELL & WATERMAN, for the appellant.

Mr. W. T. BURGESS, and Mr. O. P. INGERSOLL, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an appeal from a justice of the peace to the circuit court. The appeal bond was filed with the clerk, and the appeal perfected in that court. No summons was served on appellee, nor was there a summons and alias summons issued and returned not found, nor did appellee enter his appearance ten days before the commencement of the term, but his appearance was entered at the time the motion was entered to dismiss the appeal. The appeal was dismissed without service or appearance ten days before the term, and the case is brought to this court, and the action of the court below in dismissing the appeal is assigned for error.

The 65th section of the Justice of the Peace Act (Laws 1871-2, page 536) provides that, where the appeal is perfected in the circuit court, a summons shall be issued and served as

in other cases. The 67th section of the same act provides that, where the appeal is perfected with the clerk, and a summons and an alias summons have been returned not found, it shall be lawful for the appellate court to proceed and try the appeal as though the appellee had been duly served with process. The 68th section provides that, where the appeal has been perfected ten days before the commencement of the term, and if the appellee shall enter his appearance, in writing, filed with the papers in the case, ten days before the commencement of the term, the case may proceed to trial as though there had been proper service. These seem to be the enactments referring to appeals perfected in the circuit court.

From these sections it is manifest that for the appellate court to acquire jurisdiction of the person and to obtain power to proceed with the case, where the appeal is perfected with the clerk, there must be service on the appellee of a summons ten days, at least, before the first day of the term when a trial is demanded, or there must be issued such a summons and an alias, returned not found, or appellee must enter his appearance to a perfected appeal at least ten days before the commencement of the court to which the appeal is taken. This is the plain and, it seems to us, unmistakable meaning of the statute, and we are at a loss to see how any other construction can be placed on these sections. The language is so plain that it will not bear construction, and to hold otherwise would be a palpable violation of a plain, unambiguous provision of the statute.

A case of this kind is different from an appeal perfected before the justice of the peace more than ten days before the next term of court, and to adopt the same rule in both classes of cases is simply to disregard clear provisions of the statute. There was no service on appellee in this case, nor was there a return of two *nihils*, nor was there an appearance entered by appellee ten days before the commencement of the term in the manner authorized by the statute, and it was manifest error to dismiss the appeal or do any other act in the case than to continue it until the court acquired jurisdiction of

appellee in the manner prescribed by the statute, unless by consent of appellant.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*