## JOHN HAYWARD

*v.*

## JOHN RAMSEY.

1. PRACTICE— *appeal perfected less than ten days before court.* An appeal perfected before a justice of the peace less than ten days before the next term of court, or whilst the appellate court is in session, must be continued over to the next succeeding term for trial.

2. SAME— *rule of court cannot repeal a statute.* A circuit judge is absolutely powerless to repeal or abrogate any provision of the statute by rule of court.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. JOHN HAYWARD, and Mr. D. E. STRAIGHT, for the plaintiff in error.

Mr. D. L. MURDOCK, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by plaintiff in error, before a justice of the peace of Livingston county, against defendant in error, for the recovery of personal property claimed by plaintiff. A trial was had on the 12th day of January, 1874, which resulted in a judgment in favor of defendant. Plaintiff prosecuted an appeal to the circuit court of that county, by filing an appeal bond before the justice of the

peace. The justice transmitted the papers in the case and filed them with the circuit clerk on the 14th day of January. The circuit court was then in session, and had been for eight days. At that term, on the 6th day of February following, the case having been docketed, plaintiff was called, and, failing to answer, the appeal was dismissed, the judgment of the justice was affirmed and a *procedendo* awarded. To reverse that judgment this writ is prosecuted, and the rendition of that judgment is assigned for error.

The sixty-eighth section of the act of 1872 (p. 536) declares that " in case the appeal from the justice is perfected by filing the papers and transcript and judgment ten days before the commencement of the term of the court to which the appeal is taken, the appearance of the appellee may be entered in writing and filed among the papers in the case; and if so entered ten days before the first day of the term of court, the case shall stand for trial at that term." The language of this section so plainly excludes a trial of such an appeal perfected before a justice of the peace unless there has intervened at least ten days before the first day of the term to which the appeal is taken, that we are unable to see how any one could mistake its meaning. The language can have no other reasonable construction. To hold otherwise is a palpable violation of the plain provisions of the statute. Under the provisions of that section an appeal perfected less than ten days before the next term of court, or whilst the appellate court is in session, must be continued over until the next succeeding term for trial.

Where a suit is brought in the circuit court less than ten days before the next term of the circuit court, or during a session of the court, no one would make the summons returnable to that term and insist on a trial. The perfecting of the appeal is like the commencement of a suit in the circuit court. And the sixty-eighth section allows ten days for preparation for trial after the court has acquired jurisdiction of the parties.

Although the parties are bound to follow their case to the circuit court where the appeal is perfected before the justice, without further notice, still there must intervene ten days from the perfecting the appeal till the first day of the next term of the appellate court. An appeal taken less than ten days before the term is like service of a summons in an original case in the circuit court, not served ten days before the return term. In such a case the defendant is bound to appear and defend, but not at that term. In each of these cases the court acquires jurisdiction, but not for trial at the first term. To call an appellant and dismiss his appeal where the appeal was taken less than ten days before the next term, or during the session of the appellate court, is manifest error. We should have regarded it supererogation to have more than quoted the sixty-eighth section, had it not appeared that a practice similar to that adopted in this case prevails in some of the circuits. But with all we have said it does not appear to us that we have made it plainer than it is by the language of the statute itself.

But it is said that the statute requires the justice to return to the clerk a transcript with the papers, and the clerk to docket the case for trial. This is true, but when for trial? Not until the appellate court has jurisdiction of the case and the parties under the statute, or they shall voluntarily submit to a trial.

It is also urged in affirmance, that the cases of *Boyd* v. *Kocher*, 31 Ill. 295, and *Allen* v. *The City of Monmouth* 37 id. 372, apply to and govern this case. We are at a loss to perceive in what particular they have any bearing on this case. In those cases the appeals were perfected more than ten days before the next term of the circuit court, whilst in this the appeal was perfected whilst the term of the circuit court at which the appeal was dismissed was in session. Those cases stood for trial at the term at which the proceedings complained of were had, whilst in this case it stood for continuance under the statute.

Nor does the rule of court aid defendant in the slightest degree. The circuit judge is absolutely powerless to repeal or abrogate any provision of the statute by rule of court. His powers, like those of other officers, are subject to and controlled by the statute. No such power has been, even if it could be, delegated to him. In this case the statute gave to plaintiff in error the right to a continuance, and the circuit judge could, neither by rule nor any judgment he could render, deprive him of the right without his consent.

Counsel urge the merits of the case of defendant in error. And to that we will say, there is no evidence in the record, and we cannot decide the case on statements of his wholly outside of the record. We know nothing of the evidence before the justice, or who was the principal witness on that trial, nor can we know from any thing in the record, and hence we shall not consider the case on any thing foreign to what is found in the record. For the palpable error in dismissing the appeal, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*