# JAMES REED

*v.*

# JOHN W. DRISCOLL.

1. APPEAL—*judgment on dismissal.* On the dismissal of an appeal from a justice of the peace, the proper practice is, to award a *procedendo* to the justice, and not to enter judgment in the appellate court for anything more than damages and costs.

2. SAME—*jurisdiction of appellate court.* The taking of an appeal from a justice to the circuit court, gives the court jurisdiction of the person of the appellant, but, without a transcript of the proceedings before the justice, the appellate court has no jurisdiction of the subject matter, and no power to try or dismiss the appeal.

3. SAME—*practice when record is destroyed.* Where the proceedings and papers, in a suit before a justice of the peace, are destroyed, and an appeal is taken from the judgment, a party, wishing to dismiss the appeal, should have the judgment, etc., restored before the justice, and file a transcript thereof in the appellate court, or have them restored in the latter court.

WRIT OF ERROR to the Superior Court of Cook county.

This was a suit, brought by Driscoll, by his next friend, against Reed, before a justice of the peace, and appealed to the Superior Court by the defendant.

Mr. A. D. RICH, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an appeal from a justice of the peace of Cook county to the Superior Court of that county. On the 16th day of January, 1872, plaintiff moved to dismiss the appeal, for the reason that an affidavit of merits had not been filed by the defendant. Thereupon, the court dismissed the appeal, and awarded a *procedendo* to the justice of the peace, and awarded execution for costs against defendant. Two days after these proceedings were had, plaintiff below filed an affidavit, by which it appeared that defendant in error was a minor; that, on the 10th of February, 1871, he had recovered a judgment for $74 against plaintiff in error, before Calvin De Wolf, a justice of the peace of the county; that the justice's docket and all papers connected with the case had been destroyed by fire. Defendant thereupon moved the court to quash the writ of *procedendo* issued in the case, but the court overruled the motion, and defendant prosecutes error, and asks a reversal.

The motion to quash the writ of *procedendo* was evidently made for the purpose of having a judgment rendered in the Superior Court, but, so far as we can find from this record, there was no transcript of the justice's docket on file in the Superior Court. There is none embodied in the transcript, and had there been one, it would have been transcribed by the clerk. Hence there was nothing upon which to base a judgment. There was, it is true, an appeal bond, but that did not authorize the court to render a judgment. The practice has, so far as our knowledge extends, been, for nearly half a century, to enter precisely such an order as was done in this case, on the dismissal of an appeal, and never to render judgment for the amount found by the justice and award an execution. If the appeal is dismissed for want of prosecution, then it is

usual to render judgment for damages and costs, and award execution therefor, and award a *procedendo* to the justice of the peace. It would, therefore, have been erroneous to have rendered a judgment for the debt.

It is urged that the Superior Court had no transcript upon which to base any order. By filing the appeal bond, the court acquired jurisdiction of the defendant. He thereby submitted himself to its jurisdiction. Plaintiff submitted to its jurisdiction by entering his appearance. Thus the court had jurisdiction of the persons of both parties; but had the court jurisdiction of the subject matter of the suit? If there was such jurisdiction, in what manner was it acquired?

The 60th and 62d sections of the Revised Statutes of 1845, regulating proceedings before justices of the peace, require, where an appeal is perfected, that the justice shall transmit all the papers in the case, with a transcript of the proceedings before him, properly certified, to the clerk of the circuit court, in the manner therein prescribed. Other portions of the statute prescribe the manner in which a trial and other proceedings shall be had in the circuit court. From these provisions. it is manifest that the law designed that the proceedings in the circuit court should be based on the transcript. It supplies the place of a declaration in original suits at law in courts of record, where written pleadings are had.

The court, then, had no power to dismiss the appeal until there was a transcript on file. If defendant in error had chosen, he could have had the judgment, and other proceedings and papers, restored in the case before the justice, and filed a transcript of the same in the Superior Court, or have restored them in that court, and then have made any motion he might choose; but until the Superior Court had a transcript before it, the dismissal was erroneous.

We have only considered this question, as it requires a reversal, and the other may not arise again in the court below. For this error, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*