JAMES W. SHERIDAN

v.

A. H. BEARDSLEY et al.

89  477
22a 546
89  477
66a 542
89  477
72a 199
89  477
83a 228
89  477
89a ²219
89  477
98a ¹ 80
89  477
101a ²144
89  477
201 ¹274

1.  APPEAL—*jurisdiction.*  Where a defendant appeals from a judgment rendered against him by a justice of the peace, by filing his appeal bond with the clerk of the circuit court, and no transcript of the proceedings in the justice's court is filed in the circuit court, the latter court will have no jurisdiction of the subject matter, and no power to dismiss the appeal on the appearance of appellee, for want of prosecution, in the absence of appellant, and render judgment for damages against the latter and for costs.

2.  SAME—*dismissal when all the parties are not brought into court.*  Where an appeal from a justice of the peace is perfected before the clerk of the circuit court, and no summons and alias summons are issued and returned not found, and the appellee has not entered his appearance in writing ten days before the commencement of the term, or appeared at a prior term, it is error to dismiss the appeal for want of prosecution, when reached on the docket, on motion of the appellee.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SHUFELDT & WESTOVER, for the plaintiff in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Defendants in error recovered a judgment against plaintiff in error before a justice of the peace of Cook county, from which judgment plaintiff in error appealed to the circuit court of said county.  The appeal was taken under the provisions of sec. 65, of ch. 79, Rev. Stat. 1874, by filing an appeal bond in the office of the clerk of the circuit court.  The cause appears to have been placed by the clerk on the calendar for trial; and on the 27th day of April, 1877, it was reached for trial on the call of the calendar, and, neither plaintiff in error nor his attorney being present, said appeal was, on motion of the attorney for defendants in error, dismissed for want of prosecution, at the costs of plaintiff in error, and a *procedendo* awarded to the justice.  At the same time, a judgment was

rendered in the circuit court against plaintiff in error for fifteen dollars, statutory damages, and for costs, and execution awarded therefor.

On the 26th day of May, 1877, plaintiff in error entered his motion, based on affidavit, to vacate the order of the court dismissing the appeal. Afterwards, on the 28th day of May, 1877, a transcript of the proceedings before the justice of the peace was filed in the circuit court; and on the same day, said court overruled the motion of plaintiff in error to set aside and vacate the order of dismissal and judgment entered in said cause in said circuit court. The record is brought to this court by writ of error.

Sections 64 and 66, of chapter 79, of the Revised Statutes of 1874, require that in all cases where an appeal is taken to the circuit court from a judgment rendered by a justice of the peace, the justice shall return all the papers and a transcript of the judgment he has given to the clerk of the appellate court, with a certificate, under his hand, that the said transcript and papers contain a full and perfect statement of all the proceedings before him. In this case, no transcript or papers were certified by the justice, or filed with the clerk of the circuit court, until more than a month after the appeal had been dismissed and a judgment for damages and costs rendered by the circuit court. At the time of such dismissal and judgment, it appears there was nothing whatever on file in said cause in said circuit court, except the appeal bond that had been filed with and approved by the clerk. The circuit court, then, had no jurisdiction of the subject matter of the suit, and no power to dismiss the appeal or render the judgment for damages and costs. In the matter of such appeals, the proceedings in the circuit court are based on the transcript. Such is the manifest intention of the law, as is evident from the several sections above referred to, and from other sections of the same chapter of the Revised Statutes. This court has, heretofore, in *Reed* v. *Driscoll*, 84 Ill. 96, so held the law to be.

Moreover, this appeal was taken, as we have seen, by filing bond with the clerk of the circuit court. No summons was served on the appellees; summons and *alias* summons were not issued and returned "not found," and appellees did not, ten days before the commencement of the term of court, enter their appearance in writing, filed among the papers in the case. Rev. Stat. 1874, chapter 79, sections 65, 67 and 68. Even if section 68 does not exclude the common law mode of entering an appearance in a case, (*Hohmann* v. *Eiterman*, 83 Ill. 92,) yet, in this case, there was not only no entry of appearance in writing, but no entry of appearance at a former term, by motion or otherwise, and not even an entry of appearance at the term at which the appeal was dismissed and judgment entered, until the case was reached on the call of the calendar. The appearance of appellees was entered at the time the motion was entered to dismiss the appeal. To dismiss the appeal, under such circumstances, was error. *Camp* v. *Hogan*, 73 Ill. 228. When an appeal is taken under the provisions of section 65, and the appellee has not been brought before the court, under the provisions of either that section or of section 67, then he must either bring himself before the court, in the manner pointed out in section 68, or by an entry of appearance at a term prior to the term at which he proposes to move for a dismissal or a trial. Otherwise he can not proceed without the consent of the appellant. Any other practice would abrogate the evident intent of the provision of the statute, that requires a written entry of appearance at least ten days before the first day of the term, and would violate that principle of mutuality and equality that lies at the very foundation of all just procedure, and place appellants, in many cases, wholly at the mercy of appellees.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*