McMullen v. Graham.

JOHN McMULLEN

v.

JOHN GRAHAM.

6    239
88    346

1.   APPEAL FROM A JUSTICE—DISMISSAL.—On an appeal from a judgment of a justice of the peace, the appellee has no right to have the appeal dismissed for want of prosecution, until he is in a position to demand a trial. The court must have jurisdiction of the parties and the subject-matter.

2.   FILING BOND WITH CLERK OF COURT.—Where an appeal is taken by filing the appeal bond with the clerk of the appellate court, there must be service of summons upon or the voluntary appearance of the appellee be-

fore the court has jurisdiction to dismiss the appeal or take any other steps therein.

3. TRANSCRIPT MUST BE FILED.—Before the appellate court has jurisdiction to dismiss such an appeal, a transcript of the proceedings before the justice must have been filed ten days before the commencement of the term at which such action is sought to be taken.

4. PRACTICE—AFFIDAVIT.—An affidavit filed in a cause, alleging that at some time prior thereto a transcript of the proceedings therein before a justice of the peace, was filed in the appellate court, but has been lost or taken from the files, is not sufficient to warrant the court in taking jurisdiction and dismissing the appeal, especially when such affidavit is not made as the ground of a motion to restore a lost record.

5. LOST RECORD—RESTORATION.—Where, in the progress of a cause, a part of the record becomes lost or destroyed, especially if it be the part upon which the jurisdiction of the court depends, the question of its loss and restoration is a preliminary question which must be presented to the court and disposed of before the litigation can proceed; and on the hearing of such question both parties have a right to be notified and to be heard, and until such record has been restored, the cause must be treated the same as though it had never existed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 27, 1880.

Mr. F. W. YOUNG, for appellant; that the court had no jurisdiction to dismiss the appeal, cited Hayward v. Ramsey, 74 Ill. 372; Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477.

Mr. JESSE HOLDOM, for appellee, cited Field v. C. D. & V. R. R. Co., 68 Ill. 367.

BAILEY, P. J. The facts shown by the record in this case, are briefly as follows: On the 4th day of September, 1879, John Graham recovered a judgment against John McMullen before a justice of the peace of Cook county, for $86.18 and costs. On the 12th day of the same month, McMullen, the defendant, took an appeal from said judgment by filing his appeal bond in the office of the clerk of the Superior Court of said county, and on the 24th day of October following, the plaintiff came by his attorney, and entered in said cause his appearance in writ-

McMullen v. Graham.

ing.   Afterwards, and more than ten days prior to the first
day of the December term, 1879, of the Superior Court, said
cause was placed on a trial calendar, made up by order of said
court, and being reached at said term on the regular call of
said calendar, in the absence of both the defendant and his
counsel, the appeal was, on motion of the plaintiff, dismissed
for want of prosecution, with costs, and ten per cent. damages
for delay, and a *procedendo* awarded to the justice.

The only transcript of the proceedings before the justice
shown by the record, was filed in the Superior Court on the
16th day of December, 1879, the same day on which the appeal
was dismissed.   The summons and other papers in the cause
before the justice, also appear to have been filed on that day.
Prior to the entry of the order dismissing the appeal, however,
an affidavit of one Homer B. Galpin, an agent of the plaintiff,
was filed, stating that sometime before October 24, 1879, but
at what precise date he does not remember, he, as agent of the
plaintiff, filed with the clerk of the Superior Court a tran-
script in said cause from the justice before whom the same
was tried, and that for some reason, or by some mishap, the
same was lost, so that it could not be found among the files or
in the office of said clerk; and that on ascertaining that fact,
he caused a new transcript to be filed on said 16th day of
December, 1879.

On an appeal from a judgment of a justice of the peace, the
appellee has no right to have the appeal dismissed for want of
prosecution until he is in such situation as would entitle him
to demand a trial.   Until that is the case, the appellant is not
in default, and cannot be charged with a failure to prosecute
his suit; and before either party can force the other to trial,
the court must have jurisdiction both of the parties and of the
subject-matter.

Where an appeal is taken by filing the appeal bond in the
appellate court, jurisdiction of the appellee is obtained by ser-
vice of summons, the return of two *nihils*, or his voluntary
appearance, and in such case it has been held that the court
cannot, without the consent of the appellant, dismiss the ap-
peal or take any other steps in the case until jurisdiction of

the appellee is acquired in one of the modes above mentioned. Camp v. Hogan, 73 Ill. 228; Pratt v. Bryant, 2 Bradwell, 314. Jurisdiction of the subject-matter is obtained by the filing of the transcript from the justice, and it has accordingly been held that until such transcript is filed, the court has no power, without the appellant's consent, to try or dismiss the appeal. Sheridan v. Beardsley et al. 89 Ill. 477; Reed v. Driscoll, 84 Id. 96.

Under the provisions of section 68 of the statute in relation to justices and constables, the appeal must be perfected by filing the papers and transcript of the judgment ten days before the commencement of a term of the appellate court, in order to have the cause stand for trial at such term. Unless the appeal is thus perfected ten days before the term, the cause must be continued over to the next succeeding term for trial. Hayward v. Ramsey, 74 Ill. 372.

In the present case the transcript and papers now appearing in the record do not purport to have been filed, and were not in fact filed until the very day on which the appeal was dismissed. So far as these papers show, the court had no right to dismiss the appeal, but should, on reaching the case, have continued it to the next term. Reliance, however, is placed upon the affidavit of the plaintiff's agent that a transcript had been filed more than ten days before the term, and had in some way been lost. We are unable to perceive how a mere affidavit of this character can be of any avail. It was not filed as the basis of a motion to restore a lost record, nor does any motion of that character seem to have been made. The court was not called upon to determine, and did not determine, whether the facts stated in the affidavit were true or not. No issue was presented to which the affidavit could apply. No adjudication was had upon the question as to whether a transcript had in fact been filed more than ten days before the term, or whether such transcript had afterwards been lost; or whether the paper now appearing in the record is either an exact or a substantial copy of the same; nor was any order made substituting the new transcript for the one lost. In the absence of such proceedings, we are unable to see how the court

could properly assume that a transcript had been filed as stated in the affidavit, and dispose of the case upon that assumption.

Where, in the progress of a cause, a part of the record becomes lost or destroyed, especially if it be the very part upon which the jurisdiction of the court depends, the question of its loss and restoration is a preliminary question which must be presented to the court and disposed of before the litigation can proceed. On the hearing of such question, both parties have a right to be notified and to be heard, and until the record claimed to have been lost has been restored, the cause must be treated the same as though it had never existed.

The transcript filed on the 16th of December, cannot, in the absence of an order of the court to that effect, be regarded as a restoration of a paper previously filed. It was sufficient to give jurisdiction from the date of filing, and from that date alone. In our opinion, therefore, the order dismissing the appeal was wholly without warrant.

The judgment will accordingly be reversed and the cause remanded.

Judgment reversed