## CHARLES A. SCHMIDT
## v.
## JAMES SKELLY.

1. DISMISSAL OF APPEAL—TRANSCRIPT MUST BE FILED.—The circuit court has no jurisdiction to dismiss an appeal without the consent of the appellant, unless the transcript from the justice has been on file ten days before the term.

2. ORDER ON APPELLANT TO FILE TRANSCRIPT.—The court can not acquire jurisdiction to dismiss an appeal, by merely entering an order on appellant to file a transcript within a certain time, and upon failure to comply with the order, dismiss the appeal.

3. ORDER DISMISSING APPEAL BECOMES PART OF THE RECORD.—An order dismissing an appeal is a final order, and becomes a part of the record proper, and may be assigned for error without being preserved by a bill of exceptions.

APPEAL from the Circuit Court of Cook county; Hon. THOMAS A. MORAN, Judge, presiding. Opinion upon rehearing filed March 22, 1882.

Mr. H. S. BOUTELL, for the rehearing petition.

Mr. W. C. MINARD, and Mr. W. H. SKELLY, contra.

BAILEY, J. The law is well settled that the circuit court has no jurisdiction to dismiss an appeal without the consent of the appellant, unless the transcript from the justice of the peace has been on file ten days before the term. Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Id. 477; Mullen v. Graham, 6 Bradwell, 339; Faas v. O'Conner, 6 Id. 593.

Schmidt v. Skelly.

At the time the appeal in this case was dismissed, there was on file a transcript of certain proceedings between these parties before the same justice, but the slightest inspection of that paper is sufficient to show that it had no relation to the judgment appealed from.   That was a judgment rendered on the 17th day of July, 1880, in a suit commenced July 12, 1880, while the transcript detailed the proceedings in a suit commenced November 17, 1879, and in which the judgment was rendered November 22, 1879.   It is clear that the transcript of the proceedings in another suit between the same parties, gave the court no jurisdiction of the subject-matter of the judgment appealed from, whence it follows that the situation of the case was the same as though no transcript had been filed.

The record shows that the circuit court entered a rule on the appellant to file a perfect transcript by a day named, or show cause why the appeal should not be dismissed, and that at the expiration of the time limited, the appeal was dismissed for non-compliance with that rule.   But the court having no power, in the absence of a transcript, to dismiss the appeal, such power was not acquired by merely resorting to the expedient of entering a preliminary order on the appellant to file a transcript, and the situation of the case, so far as we can see, is in no respect different from what it would have been if the court had dismissed the appeal for want of prosecution, without any such preliminary order.

This, under the authority of the cases above cited, the court had no power to do, and it follows that the judgment dismissing the appeal was without jurisdiction or authority of law.

When this case was before us at the last term, we reached the conclusion that, before any of the orders of which complaint is made could be assigned for error, they must appear to have been duly excepted to, and that such exceptions could be preserved only by bill of exceptions.   Schmidt v. Skelly, 9 Bradwell, 532.   On further reflection, we became satisfied that the final order dismissing the appeal was a part of the record proper, and could not therefore be assigned for error without being preserved by bill of exceptions.   Van Cott v. Sprague, 5 Bradwell, 49; Faas v. O'Conner, *supra*.   The appellant's peti-

tion for a rehearing was therefore granted, and on reconsideration of the case, we are of the opinion that the error of the court in dismissing the appeal sufficiently appears on the record, and that the appellant's assignment of error should be sustained.

The judgment will therefore be reversed, and the cause remanded.

Judgment reversed.