## ODD FELLOWS BENEVOLENT SOCIETY
### v.
### CATHERINE ALT ET AL.

1. PRACTICE—APPEAL FROM JUSTICE OF PEACE.—On an appeal from a judgment of a justice of the peace, the appellee has no right to have the appeal dismissed for want of prosecution until he is in such a situation as entitled him to a trial. Until that is the case, the appellant is not in default and can not be charged with a failure to prosecute his appeal.

2. PRACTICE—TRIAL—JURISDICTION.—Before either party can force the other to a trial, the court must have jurisdiction of both the parties and of the subject-matter. It is error to dismiss the appeal where it is taken by filing bond with the clerk of the circuit court until the appeal is in court in one of the three ways provided by statute.

3. JURISDICTION OF SUBJECT-MATTER, HOW OBTAINED.—Jurisdiction of

O. F. Benevolent Society v. Alt et al.

the subject-matter is obtained by the filing of the transcript of the proceedings before the justice, and until such transcript is filed the court has no power, without the appellant's consent, to try or dismiss the appeal.

Error to the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding. Opinion filed March 27, 1883.

Mr. William Law, Jr., for plaintiff in error; that the circuit court had no jurisdiction of the case as there was no service upon nor appearance by appellees and no transcript filed, cited Pratt v. Bryant, 2 Bradwell, 314; McMullen v. Graham, 6 Bradwell, 239; Camp v. Hogan, 73 Ill. 228; Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477.

Per Curiam.    The defendants in error recovered a judgment against the plaintiff in error before a justice of the peace of Cook county, from which judgment the plaintiff in error took an appeal to the circuit court, by filing an appeal bond in the office of the clerk of the circuit court, which was duly approved by the clerk, as provided by the statute in such cases.    On the cause being reached for trial on the calendar, neither the plaintiff in error nor its attorney being present, the appeal was, on motion of the attorney for the defendants in error, dismissed for want of prosecution at the costs of plaintiffs in error, and a procedendo awarded to the justice of the peace.

The record shows that no summons was served on appellees below, no return of two *nihils*, no appearance in writing filed by the appellees before the commencement of the term at which the appeal was dismissed, and that no transcript of the proceedings before the justice was filed in the circuit court.

We have repeatedly held that, on an appeal from a judgment of a justice of the peace, the appellee has no right to have the appeal dismissed for want of prosecution, until he is in such a situation as entitles him to a trial.    Until that is the case the appellant is not in default, and can not be charged with a failure to prosecute his appeal.

Before either party can force the other to a trial, the court

must have jurisdiction both of the parties and of the subject-matter. It is error to dismiss the appeal where it is taken by filing bond with the clerk of the circuit court, until the appeal is in court in one of the three ways provided by the statute, namely: by service of summons, by return of two *nihils* or by the entry of his appearance in writing filed with the papers in the case, ten days before the commencement of the term of court at which the motion to dismiss was made. McMullen v. Graham, 6 Bradwell, 239; Chicago Dredging and Dock Co. v. McCarty, 11 Id. 552; McVey v. Huott, 11 Id. 203; Pratt v. Bryant, 2 Id. 314; Camp v. Hogan, 73 Ill. 228.

Jurisdiction of the subject-matter is obtained by the filing of the transcript of the proceedings before the justice, and accordingly it is held that until such transcript is filed the court has no power, without the appellant's consent, to try or dismiss the appeal. McMullen v. Graham, *supra;* Schmidt v. Shelby, 10 Bradwell, 564; Sheridan v. Beardsley, 89 Ill. 477; Reed v. Driscoll, 84 Id. 96.

There having been no service of summons upon the defendants in error, no return of two *nihils*, and they not having entered their appearance in writing before the commencement of the term at which the appeal was dismissed, and no transcript from the justice having been filed in the circuit court, the court had no authority to make any order in the case, other than to continue it. It was, therefore, error to dismiss the appeal or to render judgment against the appellant for costs.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.