Andrews v. Esher.

## R. S. ANDREWS
## v.
## E. R. ESHER.

1. DISMISSING APPEAL—ABSENCE OF TRANSCRIPT.—A circuit court has no jurisdiction to dismiss an appeal, without the consent of the appellant, in the absence of a transcript from the justice.

2. JURISDICTION.—Such jurisdiction is not acquired by ruling the appellant to file the transcript within a certain time, so as to authorize the court to dismiss the appeal for non-compliance with such rule.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 21, 1883.

Mr. FRANK H. GOIN, for appellant; that the circuit court had no jurisdiction of the subject-matter of the cause, and no power to try or dismiss the appeal, cited McMullen v. Graham, 6 Bradwell, 239; Steinborn v. Thomas, 8 Bradwell, 515; Reed v. Driscoll, 84 Ill. 96.

Mr. E. R. ESHER and Mr. WM. RITCHIE, for appellee; that the circuit court had jurisdiction to dismiss the appeal, cited

Rozier v. Williams, 92 Ill. 189; Kemper v. Town of Waverly, 81 Ill. 280; Brown v. Modisett, 3 Blackf. 382; Butler v. Skomp, 3 Blackf. 392; Dougherty v. Mason, 4 Blackf. 432; Campbell v. Quinlin, 3 Scam. 288; Little v. Smith, 4 Scam. 400.

Bailey, J. Esher, the plaintiff, recovered a judgment against Andrews, the defendant, for $30 and costs, before a justice of the peace, and the defendant thereupon took an appeal to the circuit court, by filing his appeal bond in the office of the clerk of that court. No summons seems to have been issued by the clerk to the appellee, nor was any transcript from the justice of the peace filed in the circuit court. After the lapse of several terms, the plaintiff voluntarily entered his appearance in writing, and on his motion, the defendant was ruled to file the appeal papers in the circuit court within ten days. At the expiration of the rule the transcript and papers from the justice of the peace not having been filed, the court, on motion of the plaintiff, dismissed the appeal at the defendant's costs for non-compliance with the rule, and awarded a *procedendo* to the justice.

The facts bring the case precisely within the rule announced in Schmidt v. Skelly, 10 Bradwell, 564, and Bonfield v. McGreavy, Id. 577. We there held that the circuit court has no jurisdiction to dismiss an appeal without the consent of the appellant, in the absence of a transcript from the justice, and that such jurisdiction is not acquired by ruling the appellant to file the transcript within a certain time, so as to authorize the court to dismiss the appeal for non-compliance with such rule. We are urged to reconsider the question, and some of the reasons presented for the adoption of a different rule commend themselves to our minds as possessing considerable cogency. We think, however, that the rule announced in the cases above cited, is the only logical result of the decisions of the Supreme Court in Reed v. Driscoll, 84 Ill. 96, and Sheridan v. Beardsley, 89 Id. 477. Were the question an open one, we might possibly reach a different result, but adopting, as we are bound to do, the law as laid

down by the Supreme Court, we adhere to our former decisions.

The judgment of the court below dismissing the appeal will therefore be reversed and the cause remanded.

Judgment reversed.