## MRS. E. MARSH
### v.
## JAMES B. DINGMAN.

APPEAL—JURISDICTION.—The circuit court has no jurisdiction to dismiss an appeal in the absence of a transcript from the justice, without the consent of the appellant, and such jurisdiction is not acquired by ruling the appellant to file the transcript within a designated time.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed May 29, 1885.

Mr. LYMAN N. PAINE, for appellant; as to jurisdiction, cited Camp v. Hogan, 73 Ill. 228; O. F. B. Soc. v. Alt, 12 Bradwell, 570; Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477; McMullen v. Graham, 6 Bradwell, 239; Steinborn v. Thomas, 8 Bradwell, 515; Schmidt v. Skelly, 10 Bradwell, 564; Andrews v. Esher, 14 Bradwell, 67.

WILSON, P. J. The plaintiff below, James B. Dingman, recovered a judgment against the defendant, Mrs. E. Marsh, before a justice of the peace, for the sum of $48.30 and costs, from which judgment the defendant took an appeal to the circuit court by filing her appeal bond in the office of the clerk of that court. No appeal summons was issued by the clerk, nor was any transcript of the proceedings before the justice filed in the circuit court. Several terms after the filing of the appeal bond, the plaintiff entered his appearance in writing in the circuit court, and on his motion the defendant was ruled to file the appeal papers in the circuit court within ten days. The defendant having failed to comply with the rule, the court, on motion of the plaintiff, dismissed the appeal at the defendant's costs, and awarded a *procedendo* to the justice of the peace.

We have repeatedly held that the circuit court has no juris-diction to dismiss an appeal in the absence of a transcript from the justice, without the consent of the appellant, and that such jurisdiction is not acquired by ruling the appellant to file the transcript within a designated time. Schmidt v. Skelly, 10 Bradwell, 564; Bonfield v. McGreavy, Id. 577; Andrews v. Esher, 14 Id. 68. And such has been the uniform ruling of the Supreme Court. Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477.

The present case falls directly within the rule announced in those cases.

The judgment below is reversed and the case remanded for further proceedings.

Reversed and remanded.