## ELIZA OGDEN

### V.

## CHARLES DANZ AND JAMES CROWLEY.

*Practice—Appeal from Justice—Time of Filing Transcript—Continuance—Waiver.*

1. Upon appeal from a Justice of the Peace, where the transcript of the judgment is not filed ten days before a term of court, the cause does not stand for trial at that term, and, except with the consent of both parties, can not be tried.

2. Where the court has improperly refused a continuance, the defendant does not waive the error by taking part in the trial and contesting the plaintiff's claim upon the merits.

[Opinion filed June 8, 1887.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. Levi Sprague, for appellant.

Mr. W. L. Snell, for appellees.

Bailey, J.   This was a suit brought by Charles Danz and James Crowley against Eliza Ogden, before a Justice of the Peace, where judgment was rendered in favor of the plaintiffs for $76.35 and costs.   The defendant thereupon appealed to the County Court by filing her bond with the clerk of that court, August 6, 1885.   On the 6th day of May, 1886, the appearance of Charles Danz, one of the plaintiffs, was entered in the County Court by his attorney and nothing further was done in the case until November 29, 1886, when the transcript from the Justice was filed in that court.

On the 8th day of December, 1886, being one of the days of the November term, 1886, of said court, the cause was called for trial, whereupon the defendant moved for a continuance on the ground that the transcript from the Justice was not filed ten days prior to the first day of said term, which motion was overruled by the court, and to which decision the defendant duly excepted.   A trial was then had before the court and a jury, resulting in a judgment in favor of the plaintiffs for $76.35 and costs.

It is urged by the defendant that the evidence does not sustain the verdict and judgment.   The bill of exceptions fails to show that any motion was made in the court below for a new trial, or any exception taken to the decision of the court overruling such motion.   In the absence of such motion and exception, the question whether the evidence was sufficient to

support the verdict is not open for consideration in this court. Nor is the appellant aided by the fact that the clerk has seen fit to copy what purports to be a motion· for a new trial into the transcript of the record. Such motion, unless preserved in the bill of exceptions, is no part of the record, and the exception to the order overruling such motion can be preserved only by a bill of exceptions.

But the decision overruling the motion for a continuance was clearly erroneous. The 68th section of the statute in relation to Justices and Constables provides that, " in case the appeal from the Justice of the Peace is perfected by filing the papers and transcript of judgment ten days before the commencement of the term of the court to which the appeal is taken, the appearance of the appellee may be entered in writing and filed among the papers in the case, and if so entered ten days before the first day of the term of court, the case shall stand for trial at that term." It is plain from the provisions of this statute that where the transcript of the judgment is not filed ten days before a term of court, the cause does not stand for trial at that term, and except with the consent of both parties, can not be tried. That this is the interpretation given to the statute by the decisions of both the Supreme Court and of this court, is apparent from the following cases: Hayward v. Ramsey, 74 Ill. 372 ; Sheridan v. Beardsley, 89 Ill. 477; Camp v. Hogan, 73 Ill. 228 ; Reed v. Driscoll, 84 Ill. 96 ; McMullen v. Graham, 6 Ill. App. 239 ; Schmidt v. Skelly, 10 Ill. App. 564; Faas v. O'Connor, 6 Ill. App. 593 ; Marsh v. Dingman, 16 Ill. App. 406.

It is insisted, however, that the defendant, by taking part in the trial and contesting the plaintiffs' claim upon the merits, waived the error of the court in refusing a continuance. Such acts, in our opinion, do not constitute a waiver. Had the defendant proceeded to trial without interposing·any motion for a continuance, or in any way challenging the right of the court to try the cause at that term, her conduct doubtless would have been a waiver, and she could not have raised the objection afterward. But she made her objection in apt time and preserved her exception, and she is now at liberty to insist on the error in refusing her motion.

To illustrate, the defendant alleges as a further and distinct reason why the cause should have been continued, that the appearance of James Crowley, one of the plaintiffs, was not entered in the County Court until the cause was called for trial. Such appears to have been the fact, but that fact was not set up or alleged in the defendant's motion for a continuance, nor did she object to going to trial on that ground. She must therefore be deemed to have waived that objection, and can not now set it up as a ground of complaint.

For the error in refusing a continuance the judgment will be reversed and the cause remanded.

*Judgment reversed.*