## JOEL H. NORTON

### v.

## FREDERICK COGGSWELL.

*Appeals—Practice—Costs.*

1. Where an appeal is taken by filing the bond with the clerk of the court appealed to, the appellee must be summoned, or appear, or two *nihils* be returned, before the court can proceed, and if one of two or more defendants, against whom judgment has been entered, appeals, there must be summons to those not appearing, and without a transcript on file the court can not proceed.

2. Where the error is shown by the record, no bill of exceptions is necessary to present it herein.

Norton v. Coggswell.

[Opinion filed April 21, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. G. FRANK WHITE, for appellant.

No appearance for appellee.

GARY, P. J.   The record in this case shows that May 12, 1888, the appellant filed in the office of the clerk of the Superior Court, a bond by which he appealed from a judgment of a justice of the peace, recited therein to have been rendered against him and one M. J. McDowld a week before, in favor of the appellee here.   No further steps, before final judgment, were taken in the case; no summons to, or appearance by, either McDowld or the appellee, and no transcript or papers from the justice, filed.

October 31, 1889, the court called the case for trial; neither party appeared; the court dismissed the appeal, and rendered judgment for costs, in favor of the appellee against the appellant.   This was irregular, unless it can be maintained that the court may, of its own impulse, do what, at the request of the party in whose favor it acts, it would have no right to do.   Where an appeal is taken by filing the bond with the clerk of the court appealed to, the appellee must be summoned, or appear, or two *nihils* be returned, before the court can proceed.   And if one of two or more defendants against whom judgment has been entered, appeals, there must be summons to those not appearing.   And without a transcript on file, the court can not proceed.

To cite the many cases to these several propositions, would be ostentatious.   A few of the later ones, containing references to earlier ones, and to the statutes, are Howard v. Castello, 31 Ill. App. 611; Bessey v. Ruhland, 33 Ill. App. 73; Ogden v. Danz, 22 Ill. App. 544.   Among the early ones are Hooper v. Smith, 19 Ill. 53; McCormick v. Fulton, Ibid. 570. The error is shown by the record, and needs no bill of excep-

tions to present it here. Wiggins v. People, 101 Ill. 446; Randolph v. Emerick, 13 Ill. 344.

This may be a very hard case for the appellee. He did not appear in the Superior Court; he does not appear here. For all that this record shows he may be ignorant that any appeal was taken from the judgment of the justice. An erroneous judgment, ostensibly in his favor, was entered in the Superior Court, which he did not ask for, and if he had had any choice in the matter, perhaps would not have accepted. He may be ignorant of that, and of this appeal from it. But the statute gives the appellant the right to this appeal, and makes it the duty of the appellee to follow it here without proof of any notice. And finding such error as requires the reversal of the judgment, the statute compels this court to saddle the costs of this appeal upon the appellee, whether he be blameworthy or not.

*Reversed and remanded.*