## P. L. Garrity v. A. F. Mallory.

1. APPEALS FROM JUSTICES—*Trials in the Appellate Court—Dismissal.*—Where the transcript of judgment and papers are not filed ten days before the commencement of the next succeeding term of the court to which the appeal is taken, the case is not for trial at that term, and the appeal can not be dismissed for a failure of the defendant to appear and prosecute it at that term.

2. SAME—*Dismissal for a Failure to Comply with the Rules of Court.*—Under a rule of court providing that in case of appeals the clerk shall collect from appellant $5, and from appellee upon entry of appearance $1.50, and in case of refusal of either party to pay said fees, he shall perform no duty for such party, except on paying in advance of the fees for such service, it is error where the appellee pays the advance fee of $5 to order the appellant to refund the same, and in case he fails, to dismiss his appeal. The rule only requires the payment in advance of the legal fees of the clerk for services rendered.

3. RECORD—*Not Contradicted by Clerk's Affidavit.*—Where the transcript of a record certified to this court under the hand and seal of the clerk of the Circuit Court recites that a justice's transcript and accompanying papers were filed in the office of said clerk on a certain day, such record and the file mark indorsed by the clerk upon each of said papers can not be contradicted by the affidavit of a deputy clerk. If a mistake has been made, it can be corrected only by amendment of the file mark by leave of court.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

E. Sanford, attorney for appellant.

E. L. Clover, attorney for appellee.

Mr. Justice Cartwright delivered the opinion of the Court.

Appellee sued appellant before a justice of the peace, and recovered a judgment upon a default in the sum of $92.63 and costs, on June 5, 1893. The defendant filed with the justice on June 22, 1893, her bond for an appeal to the Circuit Court, which bond was duly approved. The next term of the Circuit Court convened on September 4, 1893. The plaintiff during that term, on September 20th, procured the filing of the transcript of proceedings before the justice, and paid to the clerk of the court $5 as advance costs in the suit. The court thereupon, on motion of the plaintiff, ordered the defendant to refund to the plaintiff said sum of $5, or show cause to the contrary by the coming in of court the following morning at nine o'clock. On the next day the court dismissed the appeal for want of prosecution and for failure to comply with said rule to refund said $5, and entered judgment against the defendant for $9.26 damages and costs, and awarded a procedendo. During the same term the defendant entered her motion to set aside said orders and judgment, but the motion was denied.

In support of the motion, the affidavit of defendant's husband was filed, stating that he attended to all of defendant's business; that she did not owe plaintiff anything; that he was away from home in September, 1893, but that he wrote to the attorney employed to attend to the case to learn its condition and was informed that it could not be tried at the September term except by consent of both parties. The affidavit of the attorney was also filed, showing that he went to the clerk of the court on two occasions, once about the first of the term and the next time a few days before September 20th, and each time asked the clerk if the transcript had been filed and was told that it had not.

An affidavit of plaintiff's attorney that he paid the $5 to the clerk, was filed, and also an affidavit of a deputy of the

clerk stating that the transcript was lodged in the office of the clerk August 9, 1893, and that on the back of the transcript was a pencil memorandum as follows: "Rec'd Aug. 9, 1893."

The transcript of the record certified to this court under the hand and seal of the clerk of the Circuit Court recites that the justice's transcript and the accompanying papers were filed in the office of said clerk September 20, 1893. Of course such record and the file mark indorsed by the clerk upon each of said papers, could not be contradicted by the affidavit of a deputy. If there was a mistake made, it could only be corrected by amendment of the file mark by leave of court. Hodgen v. Cutting, 58 Ill. 431. But if any effect were given to the deputy's affidavit it would not prove that the transcript was delivered to the clerk for filing or received by him as a file of his office. Rule 7 of the Circuit Court provided that upon the commencement of every suit at law or in equity in said court, or in case of an appeal from an inferior court, the clerk should collect from the plaintiff, complainant or appellant, the sum of $5 for services rendered and to be rendered for such party, and in case of refusal to pay such advance fees, it should be the duty of the clerk to perform no service for such party, excepting on payment in advance of the legal fees for such service. It is clear that the legal fees for filing the transcript were not paid before September 20th, for the plaintiff then advanced fees to procure such service, and by the rule the clerk was prohibited from filing it without such payment. Aside from any rule the affidavit does not show such acts as would constitute a filing of the transcript. Hamilton v. Beardslee, 51 Ill. 478.

The transcript of judgment and papers not having been filed ten days before the commencement of the September term the case was not for trial at that term, and the appeal could not be dismissed for a failure of the defendant to appear and prosecute it at that term. Hayward v. Ramsey, 74 Ill. 372.

In no event could the court have dismissed the appeal

under rule 7 for the failure of defendant to refund $5 to plaintiff. The rule only required payment in advance of the legal fees of the clerk for services rendered. There was no warrant under the rule for demanding $5, or any requirement to pay that amount, but it was optional with a party to pay that sum for prospective services, or to pay in advance for each service performed. The clerk could only demand, and defendant was only required to pay for services rendered. If any rule could be entered in the case to refund, and the appeal be dismissed for failure to comply with it, such rule could certainly not extend beyond the fees necessarily paid for filing the transcript and papers and docketing the cause, as those were the only services performed by the clerk. The order dismissing the appeal and the subsequent orders and judgment for damages and costs are reversed and the cause is remanded to the Circuit Court.