## L. Hartman Co. v. Wagner Glass Co.

1. JURISDICTION—*Order Made Without.*—An order dismissing an appeal where the court is without jurisdiction is void.

Order, dismissing an appeal. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed December 16, 1897.

B. M. SHAFFNER, attorney for plaintiff in error.

Under the provisions of section 68 of the statute in relation to justices and constables, the appeal must be perfected by

L. Hartman Co. v. Wagner Glass Co.

filing the papers and transcript of the judgment ten days before the commencement of a term of the Appellate Court, in order to have the cause stand for trial at such term. Unless the appeal is thus perfected ten days before the term, the cause must be continued over to the next succeeding term for trial. McMullen v. Graham, 6 Ill. App. 240; Schmidt v. Skelly, 10 Ill. App. 564; Sheridan v. Beardsley et al., 89 Ill. 477; Odd Fellows Benevolent Society v. Alt et al., 12 Ill. App. 570; Steinborn v. Thomas, 8 Ill. App. 515; Garrity v. Mallory, 53 Ill. App. 300; Camp v. Hogan, 73 Ill. 228; McVey v. Huott, 11 Ill. App. 203.

Wm. A. Doyle, attorney for defendant in error.

Mr. Justice Sears delivered the opinion of the Court.
On June 5, 1896, an appeal bond was filed in the Superior Court, and a supersedeas issued by that court on an appeal by defendant (plaintiff in error) from a judgment of a justice of the peace.

No transcript of the judgment of the justice of the peace was filed in the Superior Court until July 13, 1897. No summons issued and no appearance of the appellee was entered prior to that date. Upon the last mentioned day a transcript was filed and appearance of appellee was entered. Upon the same day the appeal was dismissed by the Superior Court for want of prosecution, and a judgment rendered against the appellant (plaintiff in error) for costs.

The court was, at the time of entering the order, dismissing the appeal, without jurisdiction. Sheridan v. Beardsley, 89 Ill. 477.

The order was beyond doubt a matter of oversight, and would doubtless have been corrected had it been brought to the notice of the learned judge who entered it by a motion within the term— which would have been better practice than to wait till the expiration of the term to bring the writ of error.

The judgment must be reversed and the cause remanded.