Smith v. McCandless.

# Joseph W. Smith v. Jasper M. McCandless.

1. FEES—*Right of a Justice to Demand Payment in Advance.*—A justice of the peace has the right to demand in advance the payment of his fees for each official service rendered by him.

2. JUSTICES OF THE PEACE—*Right to Fees on Appeal.*—A justice of the peace is entitled to twenty-five cents for entering an appeal, and thirty-five cents for taking and approving the appeal bond, and can lawfully demand the aggregate sum of sixty cents before approving the bond, but he can not demand the fifty cents allowed for making up the transcript before approving the bond.

3. PRACTICE—*Dismissing an Appeal and Awarding a Procedendo.*— It is error in the County Court to dismiss an appeal and award a *procedendo* where there is no transcript of the proceedings from the court below filed in such County Court. Without such transcript the court has no jurisdiction of the subject matter and no *procedendo* can be issued.

**Appeal** from the County Court of Douglas County; the Hon. WILLIAM H. BASSETT, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed April 9, 1902.

E. J. MILLER, attorney for appellant.

ECKHART & MOORE and JOHN H. CHADWICK, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment against appellant before a justice of the peace on the 2d day of March, 1901, for $64.44. On the 20th of March he filed an appeal bond with good surety in the sum of $150, for appeal to the County Court. The justice did not indorse an approval of the bond and would not make up and return a transcript to the County Court because of appellant's refusal to pay costs amounting to $1.10. Afterward, in the County Court, appellant, on the 26th of June, tendered the $1.10 costs and moved for a rule on the justice to send up the transcript and appeal bond. The court overruled the motion, dismissed the appeal and awarded a *procedendo*. It is contended that the court erred, first, in denying appellant's motion for a rule on the justice to send up the tran-

script and the other papers and, second, in dismissing the appeal and awarding a *procedendo*.

The justice had the right to demand in advance the payment of his fee, for each service performed. He was entitled to twenty-five cents for entering the appeal and thirty-five cents for taking and approving the appeal bond and could lawfully demand the aggregate sum of sixty cents before approving the bond, but he could not lawfully demand the fifty cents allowed for making up the transcript before approving the bond. The County Court should have allowed the rule for a transcript, because appellant had, before asking the rule, tendered all the fees to which the justice was entitled.

It was error to dismiss the appeal and award a *procedendo*. There was no transcript of the proceedings in the County Court. Without it, the court had no jurisdiction of the subject-matter, and no *procedendo* could issue. Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley et al., 89 Ill. 477; Schmidt v. Skelly, 10 Ill. App. 564; Marsh v. Dingman, 16 Ill. App. 406.

The judgment will be reversed and the cause remanded.