# M. Bromberg v. The People of the State of Illinois, for the use of Louise Freese.

## Gen. No. 13,236.

1. ORDER—*what operates as revival of.* The entry of an order vacating an order of *vacatur* revives the original order.

2. APPEAL—*what essential to jurisdiction of Circuit Court to dismiss, taken from justice.* Without a transcript of the proceedings before the justice, the Circuit Court has no jurisdiction over the subject-matter, and no power to dismiss an appeal.

3. APPEAL—*when Circuit Court without jurisdiction of, from justice.* Where an appeal is taken from the judgment of a justice, by filing a bond in the Circuit Court, the opposing parties to the appeal must be brought into court by summons, or else two *nihils* obtained, before the Circuit Court has jurisdiction to dispose of the appeal.

4. RESTORATION OF FILES—*what essential to valid.* In order properly to permit the restoration of files, it must appear by the finding of the court what file was lost, if any; that the file presented for purposes of restoration is an exact or substantial copy of the file lost, etc.

5. TRANSCRIPT OF RECORD—*what essential to make entry in "Clerk's Register" part of record proper.* In order to make an entry contained in the "Clerk's Register," so-called, a part of the common law record, the same must be incorporated in the bill of exceptions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed October 4, 1907. Rehearing denied October 18, 1907.

**Statement by the Court.** Appellee recovered before a justice of the peace a judgment against appellant and one Greenberg for $10,000 debt and $182.50 damages, from which appellant appealed to the Circuit Court April 17, 1901, by filing a bond in the clerk's office. No summons was issued by the clerk for the defendant Greenberg, nor was his appearance entered in the Circuit Court. May 8, 1905, an order was entered by the Circuit Court, "that the defendant pay instanter to the plaintiff the sum of fifty cents

as costs of transcript from the justice of the peace." May 10, 1905, the Circuit Court dismissed the appeal for defendant's failure to comply with said rule, entered judgment against Bromberg for $18.50 damages and costs and ordered, "that a *procedendo* issue to the court below." May 13, 1905, defendant Bromberg entered a motion to set aside said order of dismissal, which motion was, by order of the court, continued. May 20, 1905, the order of dismissal and judgment entered May 10th was vacated and the cause reinstated and motion of plaintiff to set aside said order entered and continued. August 2, 1906, the Circuit Court entered an order that the order of May 20, 1905, vacating said order of May 10, 1905, be vacated, and that: "the appeal in this behalf be and the same hereby is dismissed, and that execution and *procedendo* do issue as heretofore ordered herein on May 10, 1905." From this order the defendant Bromberg prosecutes this appeal.

C. STUART BEATTIE, for appellant.

DANIEL S. WENTWORTH, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The order of August 2, 1906, vacating the *vacatur* entered May 20, 1905, operated as a revival of the order of May 10, 1905. 15 Encyc. of Pl. & Pr., 358; People v. Colvin, 165 Ill., 67.

One of the grounds of reversal urged is, that the Circuit Court was without jurisdiction of the subject-matter, or authority to enter any order in the cause, for the reason that there was not on file in that court a transcript of the proceedings before the justice.

Without a transcript of the proceedings before the justice the Circuit Court has no jurisdiction of the subject-matter and no power to dismiss an appeal. Reed v. Driscoll, 84 Ill., 96.

The transcript of the justice docket in the record filed in

this court was not filed until September 28, 1906, after the order and judgment appealed from had been entered, but it is contended that such transcript may be regarded as a restoration of a transcript previously filed and lost from the files of the cause.

"Where, in the progress of a cause, a part of the record is lost or destroyed, especially if it be the very part upon which the jurisdiction of the court depends, the question of its loss and restoration is a preliminary question which must be presented to the court and disposed of before the litigation can proceed. On the hearing of such question, both parties have a right to be notified and heard, and until the record claimed to have been lost is restored, the cause must be treated the same as though it had never existed." McMullen v. Graham, 6 Ill. App., 239–243.

The only order in the record relating to the restoration of lost files is the following, entered September 25, 1906: "And this day came the parties by their several attorneys, and it appearing to the court that divers and several files herein have been lost, leave is given to the appellant M. Bromberg to restore said lost files, and that said restored files stand in lieu of and serve the purpose of the said files heretofore lost." This is not an order restoring a lost transcript or other file, but only an order giving defendant Bromberg leave to restore lost files, generally, without specifying the files which had been lost, or the date when any lost file had originally been filed. There is in the order no adjudication that the transcript filed September 28th, was an exact or substantial copy of another transcript theretofore filed in the cause; no order that the transcript filed September 28th be substituted for a lost original; nothing to indicate that the transcript filed September 28th, was ever presented to the court. It is for the court to decide whether a document produced as a copy of a lost file is an exact or substantial copy of such file and to order that such copy be filed as a restoration of a lost file.

In the transcript of the record filed in this court is the following statement of the clerk of the Circuit Court:

"And afterwards, to-wit, on the 28th day of September A. D. 1906, a certain transcript was filed in the office of the clerk of said court, lost from the files, and was restored by the order of the court in words and figures following." Everything in this statement except the fact that the transcript therein mentioned was filed September 28, 1906, must be disregarded, for the obvious reason that the clerk had only authority, in making up a transcript, to state when an order therein set forth was entered, or a paper filed.

We find among the files, with the indorsement "Second additional transcript of record," a document certified by the clerk of the Circuit Court to be a copy of "a certain entry appearing in the clerk's register," in which it is stated that a transcript was filed in the cause February 15, 1905. This entry in the "clerk's register" was not put in evidence in the Circuit Court, nor made a part of the record by bill of exceptions. Such entry is no part of the common law record in the cause and cannot be considered by us for any purpose.

There is, in our opinion, nothing in the transcript of the record before us, which can be held a part of the record of the cause, or to have any proper place in the transcript of that record, to show that the transcript filed September 28, 1906, was so filed as a restoration of a transcript previously filed and lost. The cause must therefore be treated as one in which no transcript was filed until September 28, 1906, and without a transcript the dismissal of the appeal and the order and judgment of August 2, 1906, vacating the *vacatur* of that order were erroneous.

Another ground of reversal urged is, that the Circuit Court was without authority or jurisdiction to enter any order in the cause, because the appeal was taken by Bromberg by filing a bond in the clerk's office and no summons was issued for the other defendant, nor was his appearance entered. Section 70 of the Justice's Act provides that in such case the clerk shall issue a summons against the other defendants and at the first term, if such summons is returned not found, the cause shall be continued, but at the second term may be tried. It was held in Stewart v. Peters, 33 Ill., 384,

606 APPELLATE COURTS OF ILLINOIS.

VOL. 136.]     C. O. B. of T. v. Imperial Bldg. Co.

under a section similar in its provisions to said section 70, that the first term meant the term to which the summons was returnable and not the first term after the appeal, and that until the defendant who did not appeal was in court, by actual or constructive service, the case did not stand for trial. In Peck v. The People, Gen. No. 12,179 (not to be reported), we held that where no summons had been issued for the defendant who did not appeal, the court had no jurisdiction to dismiss the appeal, and see no reason to change or modify the views expressed in that case. It is true that where a case is tried and a final judgment entered for or against the defendant who appeals, such proceeding amounts to a dismissal as to the defendant who did not appeal. This is so because such judgment operates to vacate the judgment before the justice. But in this case there was no trial in the Circuit Court, but the appeal was dismissed. This left the judgment before the justice in full force and it was a part of the order of dismissal that a *procedendo* issue to the justice. For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*