B. A. L. Thomson, Defendant in Error, v. Charles E. Gill et al., Plaintiffs in Error.

Gen. Nos. 14,683, 14,692.

### Consolidated for Hearing.

JUSTICE OF THE PEACE—*what essential to confer jurisdiction of appeal from.* In order that the Circuit Court may acquire jurisdiction of an appeal from a judgment of a justice of the peace, it is essential that a transcript in due form, signed by the justice, shall be filed in such Circuit Court.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed November 22, 1909.

WHITMAN & HORNER, for plaintiffs in error.

GEORGE I. HAIGHT and ALEXANDER COLLINS, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit originally begun before a justice of the peace who rendered judgment in favor of the defendant in error, hereinafter referred to as plaintiff. From this judgment the plaintiffs in error, hereinafter called defendants, appealed to the Circuit Court of Cook county. Upon the hearing in the Circuit Court, that court January 28, 1908, dismissed the appeal and gave judgment against defendants awarding $20 as damages for delay and costs with *procedendo* to the Municipal Court. From that judgment this writ of error is prosecuted, and by a separate writ of error defendants bring up an order of the Circuit Court entered March 7, 1908, denying a motion to vacate the judgment of January 28th preceding. The causes have been consolidated for hearing and are presented here upon one set of briefs.

It appears that on the 23rd of February, 1905, the plaintiffs undertook to perfect an appeal from the judgment of the justice and filed in the office of the clerk of the Circuit Court an appeal bond, the summons issued by the justice and what purported to be a transcript of the proceedings before the justice. It is not necessary to recite the subsequent proceedings in the cause, since it appears from the record before us that the document filed as a transcript of the proceedings before the justice is not signed by the justice, and is not a transcript such as the law requires to be

filed in the Circuit Court, without which the Circuit Court was without jurisdiction of the cause. This has been decided frequently. In Demilly v. Grosrenaud, 201 Ill. 272-274, the court says: ''Proceedings in the Circuit Court are based on the transcript, and it has uniformly been held that without a transcript of the proceedings before the justice, the Circuit Court has no jurisdiction of the subject-matter." In the case at bar, as in that case, "there was no transcript. There was a paper on file which indicated that there had been some proceedings before a justice of the peace without the name of any party to identify the litigation and without any certificate in compliance with the law. * * * The Circuit Court was wanting in jurisdiction of the subject-matter and that was an objection which could not be waived." There are a number of other cases of like import, some of which are referred to in the case above cited. In Smith v. McCandless, 101 Ill. App. 143-144, an appeal was taken to the County Court and the court said: ''It was error to dismiss the appeal and award a *procedendo*. There was no transcript of the proceedings in the County Court. Without it the court had no jurisdiction of the subject-matter, and no *procedendo* could issue," citing cases.

It is apparently contended in behalf of the plaintiff that the transcript in question was originally a proper transcript, but that the certificate was torn off and the transcript mutilated. There is no evidence in the record supporting any such contention, and it is the record which governs.

The conclusion indicated makes it unnecessary to consider other questions. The judgment of the Circuit Court in case 14683 and the order appealed from in 14692 will each be reversed and the cause remanded.

*Judgment and order reversed and cause remanded.*