## David McWilliams *et al.*

*v.*

## Richard P. Morgan.

1. Injunction bond—*damages, when and how assessed.* Where the condition in an injunction bond was, that the obligors should pay or cause to be paid to the obligee all such costs and damages as should be awarded against the obligors in case the injunction should be dissolved, it was *held*, that the damages must be assessed by the chancellor after the dissolution of the injunction and before the bill in chancery was disposed of, to authorize a recovery on the bond in an action at law.

2. Where such assessment is not made by the chancellor, damages can not be assessed in an action at law on the bond, and no recovery can be had beyond the amount of costs growing out of and connected with the injunction.

3. Practice. When an injunction is dissolved, and the defendant is unable to procure his evidence to prove the damages sustained, the court would continue the case until he could do so, and if it is not practicable to have damages assessed at the term when the injunction is dissolved, he can file his claim, and have them assessed at the next or some subsequent term.

Appeal from the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

Mr. L. E. Payson, for the appellants.

Mr. H. A. Gardner, and Messrs. H. & J. D. Spencer, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It is objected, that there is a variance between the bond declared on in this case, and that read in evidence. But, inasmuch as the judgment of the circuit court must be reversed on another ground, and as the declaration can be amended before another trial, if one should be had, we shall not discuss this question.

A fatal objection is, however, urged to the judgment. The bond upon which suit is brought contains this condition: If

appellants "shall pay or cause to be paid to Morgan all such costs and damages as shall be awarded against complainants in case said injunction shall be dissolved, then this obligation to be void."

The injunction was dissolved, but no damages were assessed at that time, or, so far as appears, at any time whilst the bill in chancery was pending and undisposed of in the circuit court. This, then, presents the question, whether the suit may be maintained and the damages be assessed on the trial at law on the bond; or, under such a condition, must the damages be assessed by the chancellor, on the dissolution of the injunction?

The case of *Russell* v. *Rogers,* 56 Ill. 176, was a suit on a bond containing a similar condition, and it was held that no recovery could be had unless the damages were assessed by the chancellor after the injunction was dissolved. It was there held, that the act of 1861 (Sess. Laws, 133,) required such an assessment to authorize a recovery on the bond. This case is, in all essential particulars, similar to that, and it must control. And *Brownfield* v. *Brownfield,* 58 Ill. 152, is to the same effect. The requirement is one of easy performance. It is attended with less expense and delay. It gives to the obligee a speedy and inexpensive remedy by execution against the complainants, and when they are able to respond to the damages, they may be collected of them without a resort to the sureties, thus saving them from expense, and, when collected from them, from a suit for contribution. As a matter of public policy, it is better than the necessity of other tedious and expensive litigation. Nor can it operate harshly or unjustly upon the defendant in the chancery suit, as he may readily procure his evidence to prove the damages sustained. And if unable to do so, the court would continue the case until he could produce his evidence. If not practicable to have them assessed at the term when the injunction is dissolved, he can then file his claim and have them assessed at the next or some subsequent term, and thus speedy and complete justice may

be done. As the damages were not assessed by the chancellor after the injunction was dissolved, there was no right to recover in this case beyond the amount of the costs growing out of and connected with the injunction.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*