FELIX STINNETT

V.

SAMUEL F. B. WILSON ET AL.

1. PRACTICE—RE-INSTATEMENT OF CAUSE AFTER TERM EXPIRES.—A case may be re-instated for further proceedings after the lapse of a term upon notice to the proper parties; and if the parties appear to the cause after it has been re-instated and participate in the subsequent proceedings without objections, want of notice, and the regularity of the re-instatement will be treated as waived.

2. SAME—DAMAGES ON DISSOLUTION OF INJUNCTION.—If the suggestion of damages are filed at the time the injunction is dissolved, the hearing and assessment thereon may properly be had at any subsequent term.

3. SAME.—These suggestions when so filed take the place of a declaration on the bond, and should be so framed as to give the opposite party notice of the damages claimed.

4. SAME—BILL OF EXCEPTIONS.—Failure to preserve the evidence in the record is fatal on appeal.

5. EVIDENCE—"USUAL AND CUSTOMARY FEE."—In proving damages upon dissolution of an injunction, testimony that a certain fee would be "reasonable" is not proper and sufficient upon which to base a decree. It should be, "What has the defendant paid or become liable to pay, and is it the usual and customary fee paid for such services?"

6. DAMAGES—DISSOLUTION OF INJUNCTION AGAINST ATTORNEYS.—It is doubtful if a court should allow damages to solicitors for services in securing the dissolution of an injunction against themselves.

ERROR to the Circuit Court of Wayne county; the Hon. T. S. CASEY, Judge, presiding. Opinion filed April 15, 1886.

Mr. J. G. CREWS and Mr. H. TOMPKINS, for plaintiff in error.

Messrs. ROBINSON & JOHNS and Messrs. CREIGHTON & SIB-LEY, for defendants in error.

WILKIN, J. This was a proceeding in the Circuit Court of Wayne county, to assess damages on the dissolution of an injunction. The bill does not appear in the record and its scope and object can only be gathered from the decrees and orders made in the case. From these it appears that on a hearing in vacation before the Hon. T. S. Casey on motion to dissolve

injunction on the 16th day of May, 1882, "it was ordered and adjudged that the injunction be dissolved upon the said administrator filing a good and sufficient bond in the County Court of Wayne county, Illinois, as such administrator, in the sum of $1,200. And also at the same time and place came J. R. Creighton and Wm. H. Robinson, solicitors as aforesaid, and filed suggestions of damages in said cause under the provisions of the injunction bond, and cause continued for hearing upon the bill until the October term, 1883." At the October term, 1883, the bill was dismissed at complainant's cost. At the October term, 1884, an order was made redocketing the case, reciting that it was "by error stricken from the docket, without passing upon the suggestion of damages made by defendants' solicitors." It then appears that complainants by their solicitor, J. G. Crews, and defendants by their solicitors, appeared and submitted to the court the questions of damages, heretofore suggested, etc. The order proceeds: "And having heard the evidence and argument of counsel and the court being fully advised in the premises, doth find that Wm. H. Robinson and J. R. Creighton have appeared as counsel for the defendants  *  *  *  and it further appearing to the court from the evidence that fifty dollars is a reasonable solicitor's fee on the part of defendants, it is therefore ordered that the defendants be allowed the sum of fifty dollars as their damages for the wrongful suing out of said injunction."

It is insisted that the court had no power to re-instate the case at the October term, 1884, and no jurisdiction to hear and determine the question of damages at that time. It has been frequently decided by the Supreme Court of this State, that a case may be re-instated for further proceedings after the lapse of a term, upon notice to the proper parties, and that if the parties appear to the cause after it has been re-instated and participate in the subsequent proceedings without objection, want of notice and the regularity of the re-instatement will be treated as waived. Tibbs et al. v. Allen, 29 Ill. 535; Welch v. Louis et al., 31 Ill. 446; Herrington et al. v. McCullum, 73 Ill. 476.

Having appeared in the case without objection at the Octo-

ber term, 1884, complainant can not be heard to say that the case was not properly in court at that time. If the suggestion of damages was filed at the time the injunction was dissolved the hearing and assessment thereon might properly be had at any subsequent term. McWilliams et al. v. Morgan, 70 Ill. 551.

If, therefore, the suggestions in this case had been regularly filed upon the final dissolution of the injunction and the case stricken from the docket, the court might, upon proper notice, or if waived, without notice, re-instate it for the disposition of that branch of the case. The record fails to show that suggestions of damages were filed upon the dissolution of the injunction, as required by the statute. The order made in vacation at chambers shows that suggestions were then filed, but what damages were claimed even then does not appear, and there is nothing in the record to show that any were filed in the circuit court upon which the hearing in this case was had. The order in vacation was but a conditional one and did not absolutely dissolve the injunction; that was only done by the order at the October term, 1883, dismissing the bill. The suggestions of damages should then have been filed in court. Sec. 12, chapter 69, R. S.

These suggestions when so filed take the place of a declaration on the bond and should be so framed as to give the opposite party notice of the damages claimed. Winkler v. Winkler, 40 Ill. 185; Hamilton v. Stewart et al., 59 Ill. 334. But treating this objection as waived, no error being assigned upon it, we think the failure to preserve the evidence in the record is fatal to the decree. Forth et al. v. Xenia, 54 Ill. 210; Albright et al. v. Smith et al., 68 Ill. 181; Spring et al. v. Collector of Olney, 78 Ill. 101.

While it is doubtless true as claimed by counsel for defendants in error that the evidence in a chancery cause may be preserved by recitals in the decree, it is not done in this case. The only recitals in this decree referring to the evidence are as follows: "And having heard the evidence and the argument of counsel and being fully advised in the premises, doth find that W. H. Robinson and J. R. Creighton appeared as

counsel for defendants in the dissolution of the injunction as aforesaid and it further appearing to the court from the evidence that fifty dollars is a reasonable solicitor's fee on the part of defendant, it is therefore ordered," etc.    There is nothing in these recitals to show what facts were proved and in both of the above cases last cited it was held that such statements in a decree were not sufficient.    But if held sufficient as to the facts found by the decree they do not sustain the order allowing the fifty dollars damages.    But two facts are so found: first, that certain attorneys appeared for defendants and second that fifty dollars is a reasonable solicitor's fee on the part of defendants.

In Jevne & Almini v. Osgood et al., 57 Ill. 347, it is said: "The attorneys in this case only gave it as their opinion that the fee they named would be reasonable.    Such proof is not proper and sufficient upon which to base the decree.    It should be, what has the defendant paid or become liable to pay and is it the usual and customary fee paid for such services?"    It appears from the record that the solicitors who appeared for defendants were themselves also defendants to the injunction proceeding and on the authority of Jevne & Almini v. Osgood et al., *supra*, the recitals in the decree would not authorize the allowances of a solicitor's fee for their services in obtaining a dissolution of the writ.    It may be that if they were but nominal parties, as stated in the argument, and were acting not for themselves but for the other defendants under employment by them, that such other defendants could recover for their fees, but no such case is made either by the record or recitals in the decree.    The decree must be reversed and cause remanded.

Reversed and remanded.