# ARNOLDUS VAN STAVERN ET AL.
## v.
# P. C. SEARS.

*Practice—Appeal from Justice—Filing Transcript—Jurisdiction.*

Where an appeal from a justice is taken by filing bond with the clerk of the court and the transcript is not filed ten days before commencement of the term, the court has no jurisdiction to try the case at that term, except by consent of the parties.

[Opinion filed April 21, 1890.]

APPEAL from Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. GEORGE W. WOODBURY, for appellants.

Mr. A. E. WHITNEY, for appellee.

GARY, P. J. It is unnecessary to consider the merits of this case, for however just may be the demand of the appellee, as the Superior Court had at the time the case was tried, no right under the statute to proceed in the cause without the consent of the appellants, the appellee must pay the costs of this appeal as a penalty for his obstinacy in pressing the case to trial.

It was an appeal from a justice of the peace, taken by filing a bond with the clerk of the court, September 21, 1889. After that is done, all the further steps requisite to perfect the appeal are, by statute, to be taken by officers, and not by the party appealing. Secs. 65-6, Justices Act. The duty of the party is all performed when he files his bond and pays the statutory fees, except so far as it may be implied that he is to bring the knowledge of the supersedeas to the justice and constable, and deliver to the sheriff the summons to his adversary.

The first day of the November term, 1889, of the Superior Court, was the fourth day of the month, and the transcript from the justice was filed in that court, October 28, 1889,

seven days only before the beginning of the term. The appellants applied for a continuance, because the transcript had not been ten days on file, which, being denied, they excepted. They then made an unavailing defense on the trial. Every feature of the case is covered by what is said by Bailey, J., on page 546, in Ogden v. Danz, 22 Ill. App. 544, where he cites numerous cases.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*