Duggan v. Smyser.

## MICHAEL DUGGAN AND MARY A. DUGGAN
### v.
## SAMUEL M. SMYSER AND AARON H. MILLER.

*Jurisdiction—Appeal from Justice Court by One or Two Defendants—Trial in Circuit Court—Practice—Appearance of Defendant not Appealing—Abstract Incomplete—Evidence Presumed Sufficient.*

1. Where, upon the trial in the Circuit Court of a case appealed from a justice court by one of two defendants, the other defendant appears in person and testifies and joins in the motion for a new trial, he thereby waives the right to object to the jurisdiction of the court over his person on the ground that he had not been summoned.

2. Where an alleged abstract fails to inform the court what was proved, or how, on either side, the evidence will be presumed to be competent and sufficient to warrant the verdict.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Moultrie County; the Hon. C. B. SMITH, Judge, presiding.

Mr. FRANK SPITLER, for appellants.

Mr. F. M. HARBAUGH, for appellees.

MR. JUSTICE PLEASANTS. Appellants are man and wife. In a suit brought against them by the city of Dalton (for violation of an ordinance, we suppose) there was a verdict or finding against Michael only. He employed appellees, attorneys at law, to obtain or assist in obtaining a new trial; and to recover their fees for professional services in that behalf they brought this suit before a justice of the peace, and obtained judgment against both the defendants, by default. From that judgment Mary took an appeal, in which Michael did not join, nor was he summoned pursuant to Sec. 70 of Ch. 79 of the R. S. A trial on appeal was had at the first term, in which Mary set up the defense that she

did not employ the plaintiffs nor authorize her husband to employ them; but a verdict was returned against both, a motion for a new trial overruled and judgment entered on the verdict. From that judgment they took this appeal, and assign divers errors.

We learn from the argument that Mary seeks a reversal of the judgment upon the merits of the defense above stated, claiming that it was fully established by the evidence, and Michael upon the technical ground that the Circuit Court had not jurisdiction of his person. As to the latter, it does not appear that a motion for continuance was made, or the attention of the court in any way called to the fact that he had not joined in the appeal, or that the clerk had omitted to issue the summons as prescribed by the statute, nor that the party himself claimed he was not so in court as to be subject to its jurisdiction in this case. On the other hand it does appear that he was personally present, testified as a witness for defendants, and actually joined, *per se*, and *pro se*, in the motion for a new trial and in the appeal from the judgment. We hold that by thus appearing and proceeding he is estopped to claim that he was not properly in court. The motion for a new trial and the appeal taken were each a recognition of the jurisdiction. We know of no special or limited appearance which would give the party the right to ask for a new trial or for the reversal of a judgment.

Of the case on its merits, the competency of the evidence admitted, its sufficiency to support the verdict, the propriety of the rulings, we are unable to form any opinion without an examination of the record. The abstract does not purport to set forth the substance of the testimony, but only such small portions of it as counsel deemed material, and that so condensed that we can not be sure it is not characterized rather than presented—counsel's construction of it instead of the witness' statement itself. For the most part it is only an index, many pages of the record being referred to for the " examination " or " cross-examination " of the witness named, without a word of the testimony. It shows

appellee Miller and W. G. Cochran as the only witnesses for plaintiffs, but not enough of the testimony of Miller to make a *prima facie* case, and none whatever of Cochran's. The abstract of defendant's evidence starts out as follows:

16. " Testimony of Judge John Meeker.

Commencement of the cross-examination of Judge John Meeker.

17. Close of the cross-examination of Judge Meeker.

Commencement of the testimony of Michael Duggan, as a witness for the defendant, Mary A. Duggan.

18. Continuation of the. testimony of Michael Duggan, in which he sets out the contract fully, but in no way connects the defendant, Mary A. Duggan, with it."

The only objection to evidence offered in the case is thus shown:

" Cross-examination. Mrs. Duggan denies that Michael Duggan had been her agent for the transaction of business within the last two years.

24. In lines one to thirteen, inclusive, Mrs. Duggan is asked numerous questions about bringing a railroad suit. In line fourteen her counsel objects and objection is overruled by the court, to which ruling she then and there excepts." We may suppose that these questions were intended to show that within two years she had authorized him to employ attorneys for her or had ratified his employment of them; but nothing more than is above stated appears.

Where a paper filed as an abstract on its face purports and appears to be a condensed statement of the contents of the transcript, but is thought by the appellee or defendant in error to be defective by reason of inaccuracies or omissions, he should call the attention of the court to them by some other paper filed, if he would avoid their effect; in other words, he may and should present amendments, but is not bound to furnish the original abstract. The abstract, so called, furnished by appellants in this case, in our opinion, is not amendable as to the evidence. A substitute, entirely independent and regardless of this paper, is required in order to comply with the rule. Because it does not inform

us what was proved or how, on either side, we must presume the evidence was competent and sufficient to warrant the verdict.

The instructions, given orally by consent of the parties, are spoken of in the argument as an address by the court in behalf of the plaintiffs. But they are fully set out in the abstract, and show for themselves how unjust as well as disrespectful is the language thus applied to them. The only error in them specifically alleged is the statement that if the jury should find from the evidence that only one of the defendants was liable they should return a verdict in favor of both, which is said to be not the law as to cases originating in a justice's court. R. S. Chap. 79, Sec. 36. We do not see how that error could have prejudiced the defendants.

For the reasons stated the judgment will be affirmed.

*Judgment affirmed.*