### Seth F. Crews v. A. M. Chase.

1.  JURISDICTION—*In Appeal Cases—Waiver.*—A suit in replevin was appealed from a justice of the peace and placed upon the docket in time for the October term but not in time for the September term. The court, however, at the September term ordered that the appellee should have the surety on the replevin bond justify or file a new bond by a day named. *Held,* that the action was premature, but the appellee having asked for and procured an extension of time to comply with the order the question of jurisdiction was waived.

2.  SAME—*Acquired by Entry of Appearance.*—When a court has jurisdiction of the subject-matter of a controversy, the parties may confer jurisdiction of their person, by an entry of appearance.

**Replevin.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

V. I. OHRENSTEIN, attorney for appellant.

IVES & TONE, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant, as plaintiff, had obtained before a justice, a judgment in replevin against the appellee from which the

latter appealed to the Superior Court, in time only for the October term, 1895. Nevertheless, September 4, 1895, the court ordered that the appellant should have the surety on the replevin bond justify or file a new bond by September 11, 1895. This action of the court was premature. Van Stavern v. Sears, 35 Ill. App. 546.

But on September 11, 1895, on motion of the appellant, the time to comply with the order was extended ten days and not being complied with, his suit was dismissed September 28, 1895.

In this was no error. The court had jurisdiction of the subject-matter, and the appellant by appearance and procuring the extension waived all question of jurisdiction over his person. Duggan v. Smyser, 46 Ill App. 39; Stinnett v. Wilson, 19 Ill. App. 38; Jarrett v. Phillips, 90 Ill. 237.

There is nothing in the suggestion that the statute of 1895 differs, in legal effect, from the previous statute upon the subject. Judgment is affirmed.